**501 P.2d 969**

Elmer W. **HAYCRAFT,** Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

Western **Greyhound Lines,** Respondent Employer,

State **Compensation Fund,** Respondent Carrier.

No. 1 CA–IC 694.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 17, 1972.

Elmer W. Haycraft, in pro per.

William C. Wahl, Chief Counsel, Phoenix, for respondent The Industrial Comm. of Ariz.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondent employer and respondent carrier.

HAIRE, Chief Judge, Division 1.

The subject of this review of an Industrial Commission award is the reasonableness of the Commission's order of June 23, 1971 suspending the petitioning workman's temporary disability compensation "until said applicant [petitioner] makes himself available for examination by Dr. A. I. Cohen." Although petitioner was represented by counsel in the initiation and briefing stages of this appeal, he subsequently discharged his counsel and appeared *in propria persona* for oral argument.

**342**

■ The Court has reviewed and considered the entire Industrial Commission file in this matter. The record adequately reflects that the petitioner originally suffered a coronary insufficiency of some nature while handling baggage for the respondent employer, and this incident formed the basis for the finding of compensability and the award of temporary disability compensation. However, the medical evidence is very inconclusive as to whether or not the coronary insufficiency incident produced permanent disability—a decision which the Commission must make based upon competent medical evidence.

We do not believe that a detailed chronological review of the file would be of any real benefit to the Bar or to the parties to this review. Suffice it to say that on three different occasions the petitioner failed and refused (through his attorney) to appear for an examination by a doctor requested by the respondent employer.

■ Both the statutes (A.R.S. §§ 23–1026 and 23–908, subsec. E) and Rules of Procedure before the Industrial Commission of Arizona (Rules 57 and 58, "old" rules, and Rule 14, "new" rules, effective September 1, 1970) grant the Commission the right to refuse further payment of compensation if the claimant unreasonably fails to appear for medical examination.

A review of the file with its very limited and inconclusive medical evidence demonstrates the need for additional medical examinations in this matter, and fully supports the Commission's finding that petitioner's failure to appear was unreasonable. Therefore the suspension of benefits was proper.

Under the express conditions of the award, petitioner may pursue his compensation claim by making appropriate arrangements with the Commission for such further medical examinations as may be reasonably required.

The award is affirmed.

EUBANK and JACOBSON, JJ., concur.